UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWANDRIA RENAY POWELL,<br><br>               Plaintiff,<br><br>      v.<br><br>ANDREW SAUL, Commissioner of<br>Social Security Administration,<br><br>               Defendant. | Case No. CV 18-8979 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.    SUMMARY

On October 17, 2018, plaintiff Lawandria Renay Powell filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's applications for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion") (collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; October 19, 2018, Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On July 24, 2015, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits, alleging disability beginning on March 6, 2015, due to ischemic stroke, hypertension, speech disturbance, adjustment disorder, depression, and mixed anxiety. (Administrative Record ("AR") 22, 133, 140, 181). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff and a vocational expert. (AR 38-62).

On December 20, 2017, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 22-33). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: status post cerebrovascular accident, depressive disorder, anxiety disorder, and adjustment disorder (AR 25); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 25); (3) plaintiff retained the residual functional capacity to perform medium work (20 C.F.R. §§ 404.1567(c), 416.967(c)), but was "limited to simple, routine, and repetitive tasks, with no more than reasoning level 2, and no public contact[,]" and had additional postural limitations[1] (AR 27); (4) plaintiff was capable of performing past relevant work as a hand packager (DOT No. 920.587-018) (AR 31-32); and (5) plaintiff's statements regarding the intensity, persistence, and

///

---

[1]More specifically, the ALJ determined that plaintiff could perform postural activities frequently, with occasional climbing of ladders, ropes, and scaffolds. (AR 27).

limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 28).

On August 28, 2018, the Appeals Council denied plaintiff's application for review. (AR 1).

## III.    APPLICABLE LEGAL STANDARDS

### A.    Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted); 20 C.F.R. §§ 404.1505(a), 416.905. To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – i.e., determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy.  Id.

## B.    Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record."  42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted).  The standard of review in disability cases is "highly deferential."  Rounds v. Commissioner of Social Security Administration, 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted).  Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision.  Trevizo, 871 F.3d at 674-75 (citations omitted).  Even when an ALJ's decision contains error, it must be affirmed if the error was harmless.  See Treichler v. Commissioner of Social Security Administration, 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted).  When determining whether substantial evidence supports an ALJ's finding, a court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]"  Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely."  Trevizo, 871 F.3d at 675 (citations omitted).  Hence, while an ALJ's decision need

4

not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## C.    Review of Medical Opinion Evidence

In Social Security cases, the amount of weight given to medical opinions generally varies depending on the type of medical professional who provided the opinions, namely "treating physicians," "examining physicians," and "nonexamining physicians." 20 C.F.R. §§ 404.1527(c)(1)-(2) & (e), 404.1502, 404.1513(a); 20 C.F.R. §§ 416.927(c)(1)-(2) & (e), 416.902, 416.913(a); Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted). A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017) (citation omitted). In turn, an examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion. Garrison, 759 F.3d at 1012 (citation omitted).

An ALJ may reject the uncontroverted opinion of an examining physician by providing "clear and convincing reasons that are supported by substantial evidence" for doing so. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted). Where an examining physician's opinion is contradicted by

another doctor's opinion, an ALJ may reject such opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." Garrison, 759 F.3d at 1012 (citation and footnote omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Garrison, 759 F.3d at 1012 (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation marks omitted). An ALJ must provide more than mere "conclusions" or "broad and vague" reasons for rejecting a treating or examining physician's opinion. See McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (citation omitted). "[The ALJ] must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988).

An ALJ is required to evaluate "every medical opinion"[2] in a claimant's case record. 20 C.F.R. §§ 404.1527(b), (c), 416.927(b), (c). While not bound by statements about a claimant's condition provided by nonexamining physicians, ALJs must consider such findings as "opinion evidence," and determine the weight to be given such opinions using essentially the same factors for weighing opinion evidence generally, including "supportability of the opinion in the evidence," "the consistency of the opinion with the record as a whole," "any explanation for the opinion provided by the [nonexamining physician]," as well as "all other factors that could have a bearing on the weight to which an opinion is entitled, [such as] any specialization of the [nonexamining physician]." 20 C.F.R. §§ 404.1527(b), (c), 416.927(b), (c). Since nonexamining physicians, by

---

[2] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2).

definition, have no examining or treating relationship with a claimant, the weight given to their opinions will primarily depend on the degree to which the opinions provided are supported by evidence in the case record and the extent to which the physicians explained their opinions. 20 C.F.R. §§ 404.1527(c)(2)(ii), (3), 416.927(c)(2)(ii), (3).

### D. General Educational Development Reasoning Levels

In the Dictionary of Occupational Titles ("DOT"),[3] an occupation's level of simplicity is addressed by its General Educational Development ("GED") rating. <u>Carney v. Astrue</u>, 2010 WL 5060488, *4 (C.D. Cal. Dec. 6, 2010) (citing <u>Meissl v. Barnhart</u>, 403 F. Supp. 2d 981, 983 (C.D. Cal. 2005)). DOT job descriptions include a GED definition component "which embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance." <u>Grigsby v. Astrue</u>, 2010 WL 309013, *2 (C.D. Cal. Jan. 22, 2010) (internal quotation marks omitted). The GED component is composed of discrete scales, including a scale for "Reasoning Development." <u>Id.</u> The GED reasoning development scale ranges from Level 1 (low) to Level 6 (high). <u>Id.</u> Levels 1 and 2 are defined as follows:

Level 1    Apply commonsense understanding to carry out <u>simple</u> one-or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

Level 2    Apply commonsense understanding to carry out <u>detailed</u> but uninvolved written or oral instructions. Deal with problems

---

[3]The DOT compiled by the U.S. Department of Labor "details the specific requirements for different occupations," and is the Social Security Administration's "'primary source of reliable job information' regarding jobs that exist in the national economy." <u>Gutierrez v. Colvin</u>, 844 F.3d 804, 807 (9th Cir. 2016); <u>Zavalin v. Colvin</u>, 778 F.3d 842, 845-46 (9th Cir. 2015) (citing <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1276 (9th Cir. 1990)); <u>see also</u> 20 C.F.R. §§ 404.1566(d)(1), 404.1569.

1   involving a few concrete variables in or from standardized

2   situations.

3   Id. (citing DOT, Appendix C) (emphasis added).

4   **IV.   DISCUSSION**

5          Plaintiff contends that the ALJ failed properly to account for certain medical

6   opinions provided by Dr. Stephen Drake, the state agency reviewing psychologist.

7   (Plaintiff's Motion at 7-9).  The Court agrees.  As the Court cannot find that the

8   ALJ's error was harmless, a remand is warranted.

9          Here, the ALJ failed properly to account for Dr. Drake's opinions regarding

10  plaintiff's capacities for understanding and memory.  Specifically, Dr. Drake

11  opined that plaintiff's "ability to understand and remember detailed instructions"

12  was "[m]arkedly limited," and that given such limitation, plaintiff only retained

13  "sufficient ability to understand and remember simple BUT NOT detailed

14  instructions" ("Dr. Drake's Opinion").  (AR 86) (emphasis in original).  Although

15  the ALJ gave "great weight" to Dr. Drake's Opinion, the ALJ assessed plaintiff

16  with the mental residual functional capacity to perform "simple, routine, and

17  repetitive tasks" which could require reasoning development up to Level 2.  (AR

18  27).  Level 2 reasoning, however, requires the ability to "carry out *detailed* but

19  uninvolved . . . instructions," DOT Appendix C, Scale of General Education

20  Development (GED) Reasoning Development, Level 2, 1991 WL 688702

21  (emphasis added), a level of mental functioning that – notwithstanding the

22  "uninvolved" nature thereof – appears to this Court to be contrary to Dr. Drake's

23  unqualified assessment that plaintiff could NOT "understand and remember . . .

24  detailed instructions."  (AR 86).  The ALJ's failure to provide a sufficient

25  explanation for the implicit rejection of such significant and probative medical

26  evidence in Dr. Drake's Opinion was legal error.  See Vincent v. Heckler, 739

27  F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide an explanation when

28  she rejects "significant probative evidence.") (citation omitted).

8

1    The Court cannot confidently conclude that the ALJ's error was harmless.

2    The ALJ found plaintiff not disabled at step four predicated on the determination

3    that plaintiff retained the mental residual functional capacity to perform a past

4    relevant occupation (*i.e.*, hand packager) that required a level of reasoning

5    development (*i.e.*, Level 2) which exceeded plaintiff's mental abilities identified in

6    Dr. Drake's Opinion.  The ALJ did not identify any other past relevant work that

7    plaintiff could still perform despite her limitations, and defendant points to no

8    other persuasive evidence in the record which could support the ALJ's

9    determination at step four that plaintiff was not disabled.  Cf., e.g., Pinto v.

10   Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (remand warranted where ALJ found

11   claimant not disabled at step four based "largely" on vocational expert's testimony

12   that conflicted with DOT, neither ALJ nor vocational expert addressed the

13   deviation, and ALJ otherwise "made very few findings").

14           Accordingly, a remand is warranted to permit the ALJ to reevaluate the

15   medical opinion evidence in accordance with the above.

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

9

**V. CONCLUSION**[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED in part, and this matter is REMANDED for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  July 26, 2019

                                            /s/
                                  Honorable Jacqueline Chooljian
                                  UNITED STATES MAGISTRATE JUDGE

---

[4]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits based thereon would not be appropriate.

[5]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); Treichler, 775 F.3d at 1099 (noting such "ordinary remand rule" applies in Social Security cases) (citations omitted).